The opinion of the Court was delivered by
Evans, J.
The first ground of the demurrer in this case is decided by the case of Ludecus ads. Wilthaus, in which the opinion has just been delivered. I take the occasion to add to what has been said in that case, that, even admitting the cases referred to in that opinion, the demurrer must be overruled here, because it is admitted that E may be a name because it is a vowel, and as to the H, it has been decided that a middle name may be set out by an initial.
There is great propriety in requiring this to be pleaded in abatement, for so universal is the use of initials' that people are much better known by initials than by any other name. More than half the Judges of the State never sign their names except with initials, and are known to the community by their initials alone. When pleaded in abatement, the plaintiff may reply that the person is as well known by one as the other, and if the jury so find, that is an end of the matter. But if on special demurrer the Court assume, without proof, that the letters are only initials and not the proper names of the party, the plaintiff has no opportunity to make the question whether the person is not known as well by one as the other name.
The second ground of demurrer is on the assumption that, according to the pleadings, the City Court has no jurisdiction. The City Court is a Court of limited jurisdiction, both as to the subject matter of the action and the person of the defendant. There is, however, a material difference between the two. A judgment m a case where the inferior Court has no jurisdiction *335 of the cause of action, is absolutely void, and the authorities say that if such a judgment be enforced by levy on the goods of the defendant, the plaintiff would be liable in trespass. It is not likely the same consequences would result where the want of jurisdiction is as to the person. That, I should think, should, in some way, be pleaded or objected to at the trial. In this case, the defendant has put in a demurrer, and the question is whether, from the facts stated in the pleadings, it appears that the City Court has jurisdiction of the case.
The declaration alleges that E. H. Carsten, a resident within the city of Charleston, Spc. at the city of Charleston and within the jurisdiction of the City Court of Charleston., was indebted. The Act of 1801 (7 Stat. 301) gives jurisdiction to the City Court in all actions, suits and proceedings for the recovery of any debt, or sum of money, arising on contract, provided the verdict shall not exceed one hundred dollars, and “also provided, that no suit, or action, shall be brought, or maintained, in the said Court, unless the contract had been made, or arose, within the limits of the city of Charleston and between persons resident in the said city, or between residents and foreigners.” The Act of 1818 (7 Stat. 319) enlarges the jurisdiction to $500, with a proviso, that nothing contained therein shall extend to any inhabitant of this State who may not be resident within the city of Charleston, “ and no person shall be construed to be a resident in the said city unless he shall have resided therein three months prior to the commencement of the action or prosecution, or shall have resided within the said city four months of the year vrmnediately preceding the commencement of the suit or prosecution.” There are some other Acts on the subject of jurisdiction, but they contain nothing material to this issue. That the contract was made within the city, is abundantly set out; but the objection is, that there is not enough to give the Court jurisdiction of the defendant. He is said to be a resident only, but as this Court has not jurisdiction over all residents, that is not sufficient. , The declaration should have gone further and said that he was a citizen of the State and had resided three months in the city or four months *336 immediately preceding, according to the Act of 1818, or something equivalent.
If the Act had limited in words the jurisdiction to such persons as had resided three months within the city, or four months during the year immediately preceding, there would be some ground for this demurrer. But the Act of 1801 gives jurisdiction between persons resident in the city, and the Act of 1818 defines what is meant by resident and who are within the meaning of the word. We think there is much good sense in what is said by the Recorder, that the word must be taken in the sense given to it by the Act, and that it means that the defendant was a resident according to the definition of that word as defined by the Acts creating the jurisdiction. Besides this, much consideration is due to the opinion of the Recorder on a question of pleading which arises every day in his own Court.
We are of opinion the demurrer was properly overruled on both grounds, and the motion is dismissed.
Wardlaw, Frost, Withers and Whitner, JJ. concurred.
O’Neall, J. did not hear the argument.

Motion dismissed.